IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEREMY COLLIER, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | C.A. No.:  4:22-CV-1088 |
| § | |
| BELL TEXTRON, INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, JEREMY COLLIER ("Plaintiff"), and files this, Original Complaint for Damages, complaining of BELL TEXTRON, INC. ("Defendant" or "Bell"), and alleges as follows:

## I.
## NATURE OF THE ACTION

1. This action is brought for monetary damages, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), to redress Defendant's unlawful employment practices against Plaintiff because of his disability.

2. Plaintiff seeks actual and compensatory damages, punitive damages, and other appropriate legal and equitable relief.

## II.
## PARTIES

3. Plaintiff has at all times relevant to this lawsuit been a resident of **Joshua,** Texas.

4. Defendant, BELL TEXTRON, INC., is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to do business in Texas which has its principal place of business in Tarrant County, Texas. Bell may be served with process by

serving Chandria Mercer, at 3255 Bell Flight Blvd., Fort Worth, Texas 76118. Service is requested at this time.

### III.
### JURISDICTION AND VENUE

5.  Plaintiff has been discriminated against because of his disability. Defendant's conduct is in violation of the ADA. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. § 1331 and 1343. This Court has supplemental jurisdiction over all other state claims as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy pursuant to 28 USCS § 1367.

6.  Venue is proper in this district under 28 U.S.C. §1391 because the unlawful employment practice about which Plaintiff complains was committed in this district.

### IV.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  Plaintiff timely filed a charge of discrimination with the EEOC.

8.  The EEOC has issued a Notice of Right to Sue Letter to Plaintiff, which is attached as <u>Exhibit A.</u>

9.  Plaintiff files this Complaint within ninety (90) days after receipt of the Notice of Right to Sue Letter from the EEOC.

### V.
### FACTUAL ALLEGATIONS

10. Plaintiff began his employment with Bell on March 13, 2000. From March 2000 to February 1, 2022, Plaintiff worked his way up to a Plant Protection Officer/In-House Security Guard for Bell.

11. Prior to becoming employed by Bell, from 1994 to 1998, Plaintiff was in the army, involved specifically in reconnaissance and special operations until he was honorably discharged.

12. In the fall of 2021, Plaintiff was diagnosed with Post-Traumatic Stress Disorder ("PTSD") as a result of his years of service in combat.

13. In December 2021, Plaintiff requested reasonable accommodation from Bell for his disability, which included the use of a service dog.

14. Bell refused, and less than two months later, Plaintiff's employment was terminated, despite all of his performance evaluations being commendable, and despite Bell's acknowledgement of Plaintiff's integral role in improving processes and security outcomes during his nearly twenty-two-year tenure.

15. The disparate treatment by Bell against Plaintiff was discriminatory.

## VI.
## CAUSE OF ACTION

**COUNT 1 – DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

16. The allegations contained in Paragraphs 1-15 are incorporated herein by reference, the same as fully set forth verbatim.

17. At all times relevant this action, Plaintiff was an employee within the meaning of the ADA and suffers from a disability and/or was perceived as disabled by Defendant.

18. At all times relevant this action, Defendant was an employer within the meaning of the ADA.

19. Plaintiff is qualified to perform the essential functions of his position.

20. All conditions precedent to filing this action have been met. Prior to filing this lawsuit, Plaintiff timely filed his charge of discrimination. The EEOC, within the pasts 90 days preceding this filing, issued a Notice of Right to Sue. *See* Exhibit A.

21. Defendant has engaged in a continuous course of conduct of discrimination against Plaintiff because he is disabled and/or because Defendant perceived he is disabled, as detailed in this Complaint, including, *inter alia*, discriminating against Plaintiff based on his

disability. Such discrimination was intentional.

22. Defendant discriminated against Plaintiff and engaged in retaliatory conduct directed towards Plaintiff without cause based on his disability.

23. These actions on the part of Defendant were wholly inconsistent with the ADA in that Defendant terminated Plaintiff after Plaintiff requested accommodations due to his disability.

24. Defendant acted knowingly and willfully in violation of the ADA for which Plaintiff seeks relief under said statute, including damages for back pay, front pay, benefits, future pecuniary losses and compensatory damages. Because Defendant's discrimination was willful, Plaintiff is entitled to recover liquidated damages, attorneys' fees and costs under 42 U.S.C. § 12101, *et. seq*.

## VII.
## LIQUIDATED DAMAGES

25. Plaintiff requests an award of liquidated damages pursuant to the ADA as Defendant willfully violated his federally-protected rights.

## VIII.
## ATTORNEYS' FEES

26. Defendant's wrongful conduct has made it necessary for Plaintiff to retain the undersigned attorneys to represent him in bringing and prosecuting this action, and, if necessary, for legal representation in appeal. Plaintiff therefore seeks recovery of all reasonable attorneys' fees and costs pursuant to the ADA.

## IX.
## PRAYER

27. The allegations contained in Paragraphs 1-26 are incorporated herein by reference, the same as fully set forth verbatim.

28. As a direct and proximate result of Defendant's unlawful and discriminatory

actions, Plaintiff has suffered injuries for which he seeks monetary compensation in the following non-exclusive areas:

   a. Judgment for past and future mental anguish, anxiety, emotional distress, humiliation, and injury to reputation;

   b. Judgment for actual damages in the amount of past and future back pay, loss of earnings and benefits, sick and/or annual leave and loss of earning capacity;

   c. Liquidated damages for Defendant's willful violation of Plaintiff's federally-protected rights under the ADA;

   d. Pre-judgment and post-judgment interest at the maximum legal rate;

   e. A declaratory judgment that the acts, policies and practices complained herein are in violation of the ADA;

   f. That the Court enjoin Defendant from continuing its acts, policies, and practices which violate the ADA;

   g. Reasonable attorneys' fees;

   h. All costs of court; and

   i. All other relief to which Plaintiff may be entitled.

Dated: December 8, 2022.

                        Respectfully submitted,

                        LAW OFFICE OF MATTHEW BOBO, PLLC.

                        /s/ *Matthew W. Bobo*
                        **Matthew W. Bobo**
                        State Bar No. 24006860
                        **Katy L. Hart**
                        State Bar No. 24049983

                        4916 Camp Bowie Blvd.
                        Fort Worth, Texas 76107
                        Telephone: (817) 529-0774
                        Facsimile: (817) 698-9401
                        mbobo@mwblawyer.com
                        katy@mwblawyer.com

                        **ATTORNEYS FOR PLAINTIFF**